O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | Case No. CR 03-219- CAS |
| | ) | |
| | ) | ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS |
| Plaintiff, | ) | |
| vs. | ) | |
| Dennis A. Jackson | ) | |
| Defendant. | ) | |
| _____ | ) | |

On March 6, 2003, defendant Dennis A. Jackson was indicted by a grand jury to which the Honorable Jacqueline Choolijian ("AUSA Choolijian"), then an Assistant United States Attorney in the Central District of California, was assigned. On May 9, 2005, defendant pleaded guilty to conspiracy to distribute methamphetamine. On June 28, 2005, defendant was sentenced to 121 months in prison. On July 12, 2005, the judgment and commitment order was entered by this Court.

On July 24, 2008, defendant filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2), (4) & (d)(1), (3). Defendant argues that, prior to becoming an Assistant United States Attorney, AUSA Choolijian failed to comply with certain

mandatory statutory requirements with which Assistant United States Attorneys must comply before taking their post, including taking the oath of office required by 28 U.S.C. § 544 and 5 U.S.C. § 3331, and providing and delivering affidavits required by 5 U.S.C. § 3332, 5 U.S.C. § 3333, and 5 U.S.C. § 2901.  Mot. for Relief From Judgment ("Def's Mot.") at 1.  Therefore, defendant argues, her participation in securing defendant's indictment by the grand jury voids the indictment, and therefore this Court lacks jurisdiction over defendant.  Def's Mot. at 4.

On August 27, 2008, the government filed the instant motion to dismiss defendant's motion, arguing that defendant's motion is untimely under 28 U.S.C. § 2255, and, in the alternative, that defendant's claim lacks merit.  On September 10, 2008, defendant filed an opposition.  After carefully considering the arguments of the parties, the Court finds and concludes as follows.

### A.    DEFENDANT IS NOT ENTITLED TO RELIEF UNDER FED. R. CIV. P. 60(b), (d)

Defendant is not entitled to relief under Fed. R. Civ. P. 60(b) or (d), because defendant fails to meet his burden of proof regarding AUSA Choolijian's alleged failure to comply with the statutory requirements at issue.  See 28 U.S.C. § 544; 5 U.S.C. § 3331; 5 U.S.C. § 3332; 5 U.S.C. § 3333; 5 U.S.C. § 2901.  To support his argument that AUSA Choolijian failed to take the oath of office and provide the requisite affidavits prior to becoming an Assistant United States Attorney, defendant submits a document obtained from the U.S. Department of Justice through a Freedom of Information Act ("FOIA") request.  See id; Def's Ex. A.  However, this document merely states that a search for records in the United States Attorney's Office regarding AUSA Choolijian's affidavits of oath of office revealed no responsive records, and advises defendant that he may be able to obtain the records sought by contacting the National Personnel Records Center.  See id.  This document, alone, provides no support for defendant's claim that AUSA Choolijian failed to take the oath of office and failed to comply with the affidavit requirements.  Therefore, defendant has not met his burden of proof in

showing that AUSA Choolijian's participation before the grand jury voids the indictment, and that this Court lacks jurisdiction over defendant.

### B. TO THE EXTENT THAT DEFENDANT'S MOTION MUST BE CONSTRUED AS A § 2255 PETITION, IT IS BARRED BY THE STATUTE OF LIMITATIONS

The government argues that defendant's motion should be construed as a 28 U.S.C. § 2255 motion, which is untimely because the applicable one-year statute of limitation has run. To the extent that defendant challenges the legality of his conviction, the documents filed by defendant must be construed as a 28 U.S.C. § 2255 motion. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." Id. at 490. "Prisoners may not attempt to evade habeas procedural requirements by characterizing their claims as seeking some other type of relief." Bogovich v. Sandoval, 189 F.3d 999 (9th Cir. 1999).

Section 2255 provides that a "1-year period of limitation" applies, and runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. A defendant's conviction becomes final, when he does not seek an appeal, when the time to file the notice of appeal expires -- that is, 10 days after the entry of judgment. See Fed. R. 4 Crim. P. 4(b); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2000). Defendant's judgment was entered on July 12, 2005. Defendant did not appeal the judgment in his criminal case. Therefore, defendant's conviction became final on July 22, 2005. Because defendant's petition was filed more than one year after his conviction became final, a § 2255 petition is untimely. Id.

The Ninth Circuit permits equitable tolling of the AEDPA statute of limitations "only if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Defendant bears the burden of proving that he is entitled to equitable tolling of the statute of limitations, and must show that extraordinary circumstances were the but for and proximate cause of the untimeliness. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). The Ninth Circuit has stated that "district judges will take seriously Congress' desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998), overruled on other grounds, Calderon v. United States Dist. Ct., 163 F.3d 530 (9th Cir. 1998), cert. denied, 526 U.S. 1060 (1999).

Although defendant alleges that he was "denied on numerous Freedom of Information Act requests," that he was "stonewalled," and that he was "given the run around by the government," defendant only provides as supporting evidence three FOIA requests that he submitted between January 9, 2006 and March 13, 2007. See Opp'n at 4; Def's Exs B, D, E. These, alone, are insufficient to satisfy defendant's burden of proving that extraordinary circumstances beyond his control made it impossible to file the petition on time. See Def's Mot. at 11; Gaston v. Palmer, 417 F.3d at 1034. Furthermore, even if the statute of limitations was tolled between January 9, 2006 (the date that defendant filed his first FOIA request) and July 31, 2007 (the date defendant claims that he received the response from the Department of Justice regarding AUSA's Choolijian's records), defendant still has not timely filed his petition, because the period from July 22, 2005 to January 9, 2006 and July 31, 2007 to July 24, 2008 exceeds one year. Accordingly, the Court concludes that, to the extent that defendant's motion may be construed as a § 2255 petition, it is barred by the one-year statute of limitations.

///
///
///
///

4

1   For the foregoing reasons, the Court GRANTS the government's motion to
2   dismiss defendant's motion.[1]

3

4   Dated: September 17, 2008                    _____
                                                 CHRISTINA A. SNYDER
5                                                UNITED STATES DISTRICT JUDGE

---

[1] In his opposition, defendant requests an evidentiary hearing to determine AUSA Choolijian's compliance with the statutory oath of office and affidavit requirements. See Opp'n at 7. Because defendant has failed to show that there is any issue as to AUSA Choolijian's compliance with the statutory requirements, his request for a hearing is denied.